IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

NACOE BROWN,
   *Defendant.*

CRIMINAL No.: ELH-01-0377
(Civil Case No.: ELH-23-352)

## MEMORANDUM

This post-conviction case has a long history.

In July 2001, a grand jury in the District of Maryland charged defendant Nacoe Brown with two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), (d), (f). ECF 1.[1] A Superseding Indictment was returned on August 29, 2001, charging Brown with two additional counts of bank robbery. ECF 13.

In September 2002, Brown proceeded to a jury trial at which Judge Andre M. Davis presided. *See* Docket. Following a two-week trial, the jury convicted Brown of Count Two (bank robbery of 5/11/01); Count Three (bank robbery of 4/4/01); and Count Four (bank robbery of 3/12/01). ECF 23 (Verdict).[2] The jury was unable to reach a verdict with regard to Count One (bank robbery of 6/8/2001). *Id.*[3]

---

[1] The electronic docket is not available in this case until the entry on August 12, 2008, at ECF 68.

[2] Defendant's coconspirator, Kevin Hillard, pled guilty to one count of bank robbery and was sentenced to 50 months in prison. ECF 172, ¶ 5.

[3] In December 2011, after Judge Davis was elevated to the Fourth Circuit, the case was reassigned to Judge J. Frederick Motz. *See* Docket. The case was reassigned to me in April 2018, due to the retirement of Judge Motz. *See* Docket.

As discussed, *infra*, the Court sentenced Brown to 300 months of imprisonment. ECF 31. Brown was released from incarceration in 2020 and is now on supervised release. But, on February 3, 2023, he filed a "Petition For Writ Of Habeas Corpus." ECF 198. He also included exhibits. ECF 198-1. And, Brown filed a supplement on April 18, 2023. ECF 201. I shall refer to the submissions collectively as the "Petition." The government's response in opposition is docketed at ECF 205. No reply was filed.

A hearing is not necessary to resolve the Petition. For the reasons that follow, I shall deny the Petition.

## I. Background

As noted, Brown's jury trial was held in September 2002. The government was represented at trial by Assistant United States Attorney Jonathan Luna, who died in 2003. To my knowledge, the circumstances of Luna's death remain unsolved.[4] Brown was represented at trial by Kenneth Ravenell. He was convicted in this Court in December 2021 on a charge of money laundering conspiracy, which began in 2019. *See United States v. Kenneth Ravenell*, LO-19-0449; *see id.*, ECF 281 (Second Superseding Indictment); ECF 490 (Jury Verdict).

Defendant's sentencing was held on December 13, 2002. Brown was 34 years of age at that time. And, the United States Sentencing Guidelines were then mandatory. Brown's sentencing Guidelines called for a period of incarceration ranging from 262 to 300 months of imprisonment. Judge Davis sentenced the defendant to a period of incarceration of 300 months, with credit dating to the defendant's arrest in July 2001. *See* ECF 31. He also ordered restitution

---

[4] Luna died in Lancaster, Pennsylvania, at the age of 38. Some people believe Luna was murdered while others believe he committed suicide.

of $378,666. Brown's conviction and sentence were affirmed on appeal. *See* ECF 53; ECF 54; *United States v. Brown*, 96 Fed. App'x 112 (4th Cir. 2004).

Brown filed several post-trial motions and post-conviction petitions, without success. *See*, *e.g.*, ECF 55; ECF 57; ECF 70; ECF 76; ECF 77; ECF 110; ECF 121; ECF 148. For example, Judge Davis denied defendant's motion to vacate (ECF 55) by Memorandum Opinion and Order of April 5, 2006. *See* ECF 62, ECF 63. The Fourth Circuit dismissed the appeal. ECF 65, ECF 66. Judge Davis also denied defendant's motion for a sentence reduction. *See* ECF 70; ECF 72.

Brown filed another habeas petition in 2011. ECF 77. By that time, the case had been reassigned to Judge J. Frederick Motz, due to the elevation of Judge Davis to the Fourth Circuit. Judge Motz denied the second habeas petition on January 12, 2012. ECF 85. And, by Order of February 8, 2012 (ECF 91), Judge Motz denied Brown's motion for reconsideration.

Of import here, the second habeas petition raised issues concerning some $38,000 in proceeds recovered from defendant's coconspirator. The money disappeared at trial, and Brown claimed collusion between the prosecutor and defense counsel. Brown also raised the same issue in his first petition. *See* ECF 55.[5]

Mr. Brown again raised these claims in 2017 in a petition that he filed in federal court in the Central District of California, pursuant to 28 U.S.C. § 2241. *See Brown v. United States*, 2017 WL 1045078 (C.D. Cal. Feb. 14, 2017). There, the court observed that Brown's allegations were directed to the legality of his sentence, based on the alleged theft of money by the prosecutor. *Id.* at *1. However, the court noted that Brown did not allege actual innocence as to bank robbery,

---

[5] ECF 55 and ECF 57 are not electronically available. However, it is clear that the issue was raised in 2011 in ECF 77, and ECF 77 also indicates that the same topic was raised in the 2004 petition (ECF 55).

nor could he succeed on such a claim. *Id.* at *2. And, the court characterized the petition as "a disguised successive § 2255 petition." *Id.* at *3.

In July 2020, through appointed counsel, Brown filed a motion for compassionate release, pursuant to 18 U.S.C. § 35872(c)(1)(A)(i). ECF 157. By Memorandum Opinion and Order of September 25, 2020 (ECF 173, ECF 174), I granted the motion. At that point, Brown was 52 years of age and had served more than 19 years in prison, amounting to approximately 75% of his 25-year sentence, exclusive of good conduct credit. ECF 157-8. Factoring in credit for good conduct, he had served about 90% of his sentence. Therefore, I reduced Brown's sentence to time served plus fourteen days, to be followed by five years of supervised release, with the added requirement of one year of home confinement as a condition of supervised release. An Amended Judgment issued on September 29, 2020, which included the restitution. ECF 175; *see also* ECF 176.

The Petition at issue here followed in February 2023. Brown raises contentions with regard to the trial in 2002, including claims of collusion between the defense attorney, Ravenell, and the prosecutor, Luna. As mentioned, about $38,000 in stolen bank funds that were recovered from Mr. Brown's codefendant, Kevin Hilliard, went missing at trial. ECF 198. As noted, Mr. Ravenell has since been convicted of a federal offense and Mr. Luna is deceased.[6]

## II. Legal Standard

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such a sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.'" *See Hill v. United States*, 368 U.S.

---

[6] Indeed, even if Luna stole the money, this fact would not exonerate defendant.

424, 426-27 (1962) (citing 28 U.S.C. § 2255); *see United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015); *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010).

Under § 2255, the Petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). And, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428). In order to prevail on a § 2255 motion, a movant bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. *See Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965).

The scope of collateral attack under § 2255 is narrower than on appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 488, 519 (2016) (Alito, J., concurring) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). A failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion, unless the petitioner can demonstrate "cause and actual prejudice resulting from the errors of which he complains," or "actual innocence." *Pettiford*, 612 F.3d at 280 (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)); *see Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal quotations and citations omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *see also Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339, 354 (1994) (stating that "the writ is available only if the petitioner establishes 'cause' for the waiver

5

and shows 'actual prejudice resulting from the alleged violation.'"); *Finch v. McKoy*, 914 F.3d 292, 298 (4th Cir. 2019) (discussing requirements for a claim of actual innocence); *United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009).[7]

Generally, the rule governing procedural default of claims brought under § 2255 precludes consideration of any contentions that "'could have been but were not pursued on direct appeal, [unless] the movant . . . show[s] cause and actual prejudice resulting from the errors of which he complains.'" *Pettiford*, 612 F.3d at 280 (quoting *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)). Under the "cause and prejudice" standard, the petitioner must show: (1) cause for not raising the claim of error on direct appeal; and (2) actual prejudice from the alleged error. *Bousley*, 523 U.S. at 622; *see Dretke*, 541 U.S. at 393; *Massaro*, 538 U.S. at 505; *see also Reed*, 512 U.S. at 354 (stating that "the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged violation.'"); *Murray*, 477 U.S. at 496; *Frady*, 456 U.S. at 167-68.

In order to show cause for not raising the claim of error on direct appeal, a petitioner must prove that "some objective factor external to the defense such as the novelty of the claim or a denial of effective assistance of counsel" impeded their counsel's efforts to raise the issue earlier. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *see Carrier*, 477 U.S. at 492 ("[C]ause . . . requires a showing of some external impediment preventing counsel from constructing or raising the claim."); *Mikalajunas*, 186 F.3d at 493 (movant must demonstrate "something external to the

---

[7] Failure to raise on direct appeal a claim of ineffective assistance of counsel is not regarded as procedurally defaulted. *Massaro v. United States*, 538 U.S. 500, 509 (2003); *see United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Claims of ineffective assistance are cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Rather, such claims are usually litigated in a § 2255 action to allow for development of the record. *Massaro*, 538 U.S. at 504-06; *United States v. Ladson*, 793 F. App'x 202 (4th Cir. Feb. 12, 2020) (per curiam).

defense, such as the novelty of the claim or a denial of effective assistance of counsel"). Additionally, the alleged error cannot simply create a possibility of prejudice, but must be proven to work to the petitioner's "*actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170 (emphasis in original). Pursuant to the Supreme Court's ruling in *Carrier*, 477 U.S. at 494, prejudice does not support relief of a procedural default in the absence of a showing of cause. *See also Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

The actual innocence exception "only applies in limited circumstances." *United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014). Indeed, it must be "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . ." *Carrier*, 477 U.S. at 496.

In order to show "actual innocence," the petitioner "must demonstrate actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *Mikalajunas*, 186 F.3d at 494 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)); *see also Bousley*, 523 U.S. at 623. Notably, the petitioner must meet this burden by clear and convincing evidence. *Mikalajunas*, 186 F.3d at 494. In other words, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Jones*, 758 F.3d at 583; *see Bousley*, 523 U.S. at 623.

As the Fourth Circuit has said, "[a] valid actual innocence claim 'requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" *Finch v. McKoy*, 914 F.3d 292, 298 (4th Cir. 2019) (quoting

*Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Moreover, a petitioner must "'demonstrate that the totality of the evidence would prevent any reasonable juror from finding him guilty beyond a reasonable doubt, such that his incarceration is a miscarriage of justice.'" *Finch*, 914 F.3d at 298 (quoting *Teleguz v. Pearson*, 689 F.3d 322, 329 (4th Cir. 2012)). It is an "exacting standard," based on a "'holistic judgment about all the evidence'. . . ." *Finch*, 914 F.3d at 299 (quoting *House v. Bell*, 547 U.S. 518, 539 (2006)).

The Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Quintero v. Garland*, 998 F.3d 612, 634 (4th Cir. 2021) (same); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (per curiam) (same).

Pursuant to 28 U.S.C. § 2255(b), the court must hold an evidentiary hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . . ." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021); *see United States v. LeMaster*, 403 F.3d 216, 220-23 (4th Cir. 2005); *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Ordinarily, a district court has discretion as to whether to hold a hearing, but "a hearing is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record, or when a credibility determination is necessary to resolve the claim . . . ." *Mayhew*, 995 F.3d at 176-77. If the district court "denies relief without an evidentiary hearing," the appellate

8

court will "construe the facts in the movant's favor." *United States v. Akande*, 956 F.3d 257, 261 (4th Cir. 2020); *see also United States v. Turner*, 841 F. App'x 557, 559 (4th Cir. 2021) (same).

In my view, no hearing is necessary here, because there are no colorable claims, nor is credibility at issue.

### III.  Discussion

The government argues that this Court has no authority to consider the post-conviction petition because federal law affords a convicted defendant only one collateral attack.  ECF 205 at 2; *see* 28 U.S.C. § 2255(a).  The government also alleges that the defendant's claims are "severely time barred under 28 U.S.C. § 2255(f)" because they relate to a trial that occurred more than 20 years ago.  ECF 205 at 2.  And, the government contends that the claims are procedurally defaulted. *Id.*  In addition, the government maintains that the claims are without merit.  *Id.*

This is not Brown's first petition under § 2255.  And, he may only file an additional petition with authorization from the appropriate circuit court of appeals.  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).  He has not obtained that authorization.

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2255, Congress imposed "stringent limitation[s] on a federal prisoner's ability to bring a 'second or successive' post-conviction motion pursuant to § 2255." *United States v. Emanuel*, 288 F.3d 644, 647 (4th Cir. 2002), *overruled in part on other grounds by Castro v. United States*, 540 U.S. 375, 383 (2003). First, AEDPA requires that a successive § 2255 motion "must be certified...by a panel of the appropriate court of appeals..." 28 U.S.C. § 2255(h); *see also United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008). Second, the circuit court of appeals may only certify a successive § 2255 motion if the petitioner (1) has newly discovered evidence or (2)

9

relies "on a new rule of constitutional law that the Supreme Court has made retroactively applicable to collateral proceedings." *Emmanuel*, 288 F.3d at 647; *see also* 28 U.S.C. § 2255(h).

Section 2255(h) of 28 U.S.C. states:

A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate Court of Appeals to contain – (1) newly discovered evidence that, if proven in view of in light of the evidence as a whole, would be sufficient to establish a clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Brown was twice denied post conviction relief. *See* ECF 62, ECF 63; ECF 85. Therefore, under 28 U.S.C. § 2255(h), the United States Court of Appeals for the Fourth Circuit must certify Brown's entitlement to file a successive § 2255 petition. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

As the Fourth Circuit explained in *In re Goddard*, 170 F.3d 435, 437 (4th Cir. 1999), the successive habeas bar exists to ensure that a defendant is afforded one opportunity to attack his sentence collaterally. The limitation is important to prevent serial filings raising countless claims. Accordingly, before this Court may examine a successive motion on the merits, the Fourth Circuit must enter an order authorizing consideration of the successive petition. *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

It is clear that Brown cannot satisfy the threshold requirements of § 2255(h)(2) for a successive § 2255 motion because he has not obtained authorization from the Fourth Circuit for the filing of a successive petition. Without the requisite pre-filing authorization, "the district court lacks jurisdiction to consider a [successive] application . . . ." *Winestock*, 340 F.3d at 205; *see*

*Evans v. Smith*, 220 F.3d 206, 325 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194-95 (4th Cir. 1997).

Moreover, I agree with the government that Brown's claims are time-barred under 28 U.S.C. § 2255(f). *See* ECF 205 at 6. Under § 2255(f)(4), the clock runs from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. The reference to due diligence "'is equivalent to a rule of inquiry notice.'" *United States v. Nunez-Garcia*, 31 F.4th 861, 865 (4th Cir. 2022) (citation omitted). But, it is difficult to see how this section would save Brown's claim, given that he has long known about the missing money. Indeed, he included newspaper articles with his filing, which date to 2007. *See* ECF 198, Attachment A at 10.

Moreover, Brown raised similar claims in his habeas petitions in 2004 and 2011. *See* ECF 77. In ECF 77, he noted the "mysterious disappearance of monetary evidence." *Id.* at 1. And, he complained that Judge Davis was a mentor to Mr. Luna. *Id.* at 2. Brown also acknowledged that he had previously raised the issue concerning the money in his 2004 post-conviction petition. *Id.*; *see* ECF 55, ECF 57. As noted, Judge Motz denied the petition in January 2012. *See* ECF 85.

Ravenell was convicted in December 2021, on unrelated charges. But, even assuming his conduct was related to the convictions here (and it was not), Brown's petition would have been due by December 2022. Yet, it was not filed until February 2023.

Finally, I see no ground for equitable tolling. Defendant has not proffered a basis to excuse any procedural default. Therefore, I shall deny the Petition.

## IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant as to a post conviction claim.

A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[8]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 580 U.S. 100, 115 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

As indicated, a COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Brown has not made a substantial showing of the denial of his constitutional rights, I decline to issue a COA.

An Order follows, consistent with this Memorandum.

Date:   September 19, 2023                                   /s/
                                                Ellen L. Hollander
                                                United States District Judge

---

[8] The denial of a COA by the district court does not preclude a petitioner from seeking a COA from the appellate court.